**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1736**

MARIAM, INC.; JOHN DARVISH, SR.; JOHN DARVISH, JR.; JAMSHYD DARVISH,

           Plaintiffs - Appellees,

      v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a subsidiary of Zurich American Insurance Company,

           Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:17-cv-03021-PJM)

Submitted: April 29, 2020                      Decided: May 15, 2020

Before GREGORY, Chief Judge, and AGEE and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert P. O'Brien, Bryant S. Green, NILES, BARTON & WILMER, LLP, Baltimore, Maryland, for Appellant. Benjamin L. Bailey, Brian A. Glasser, Rebecca Pomeroy, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this insurance action arising out of a family employment dispute, Tamara Darvish Fallahi sued her father, his company, and her two half-brothers (collectively, "Appellees"), asserting, among other claims, tortious interference with economic relationships and tortious interference with contract. To defend the action, Appellees sought to invoke their insurance policy, issued by Universal Underwriters Insurance Company ("Universal"), which provided coverage for allegations of wrongful employment practices. Universal denied Appellees' claim, however, citing a provision that excluded coverage for actions taken with the intent to cause harm.[1]

Appellees then commenced this action against Universal, alleging that Universal breached its duty to defend. On the issue of liability, the district court granted summary judgment to Appellees on their duty-to-defend claim, and a jury thereafter awarded substantial damages to Appellees. Universal appealed, challenging the district court's determination that the exclusion did not apply. For the reasons that follow, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[1] To prevail on her tort claims, Fallahi had to show intentional, malicious acts that were calculated to cause harm. *Blondell v. Littlepage*, 991 A.2d 80, 97 (Md. 2010).

2

Under Maryland law, which governs here, "[t]o ascertain whether an insurer has a duty to defend its insured" against a tort action, courts "engage in a two-part inquiry," asking "(1) what is the coverage and what are the defenses under the terms and requirements of the insurance policy," and "(2) do the allegations in the tort action potentially bring the tort claim within the policy's coverage." *Md. Cas. Co. v. Blackstone Int'l Ltd.*, 114 A.3d 676, 682 (Md. 2015) (internal quotation marks omitted).

With respect to the first question, the parties' primary dispute concerns the applicability of the policy exclusion for actions taken with the intent to cause harm. The full text of the exclusion reads as follows: "any act committed by or at the direction of the INSURED with intent to cause harm. This exclusion does not apply if INJURY arises solely from the intentional use of reasonable force for the purpose of protecting persons or property." (J.A.[2] 59). Universal insists that "harm" means any harm whatsoever, while Appellees maintain that, read in context, "harm" could refer only to physical harms.

We agree with Appellees' assertion that the exclusion is ambiguous because it could "suggest[] more than one meaning to a reasonably prudent layperson." *State Farm Mut. Auto. Ins. Co. v. DeHaan*, 900 A.2d 208, 226 (Md. 2006). Although, as Universal contends, "harm" might generally refer to any loss or detriment, we conclude that, when considered in conjunction with the exception for acts of force committed in defense of persons or property, "harm" could reasonably be interpreted as referring only to harms of a physical nature. *See id.* ("A term which is clear in one context may be ambiguous in

---

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

another."). In light of this ambiguity, we construe the exclusion against Universal as drafter of the policy, *Md. Cas. Co.*, 114 A.3d at 682, which leads us to adopt the narrower formulation of the exclusion—i.e., physical harms only.

Turning to the second question, there is no doubt that the exclusion, narrowly construed, did not apply to the economic torts at issue in the Fallahi action. Thus, we conclude that the exclusion did not justify Universal's decision to refuse Appellees' request to defend the underlying suit.[3]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] Although our path to this conclusion differs from the one taken by the district court, "we are entitled to affirm on any grounds supported by the record." *Attkisson v. Holder*, 925 F.3d 606, 624 (4th Cir. 2019) (internal quotation marks omitted).